**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| |
|---|
| IN RE: EMIABATA,<br>    *Appellant.* |

No. 3:22-cv-1010 (OAW)

**ORDER DENYING "MOTION TO AMEND THE JUDGMENT"**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

### I. PROCEDURAL HISTORY

Self-represented plaintiffs, Sylvia and Phillip Emiabata, brought this action as an appeal from bankruptcy court. ECF No. 1; Case No. 21-ap-03010. The case on appeal is an adversary proceeding in which the Emiabatas are plaintiffs suing numerous defendants who allegedly were involved in the property at issue. ECF No.1. The bankruptcy court dismissed the underlying Chapter 13 case, Case No. 21-bk-30197, on July 22, 2022, and it dismissed the adversary proceeding (for lack of jurisdiction) on August 1, 2022. *See*, Case No. 21-ap-03010, ECF Nos. 155 & 160. Plaintiffs thereinafter filed a notice of appeal, *see* Case No. 21-ap-03010, ECF No. 163, causing the case to appear before the undersigned (as Case No. 22-cv-1010).

On June 21, 2023 (and after granting several extensions of time), the court dismissed the case for Plaintiffs' failure to timely file their appellate brief. ECF No. 22. Accordingly, the case was closed on that date. Then, on August 10, 2023, Plaintiffs filed a "motion to alter or amend the judgment," claiming as authority to do so Rule 60(b) of the Federal Rules of Civil Procedure, *see* ECF No. 23, though they still did not attach or otherwise file their appellate brief, which originally was due on November 23, 2022 (some ten months ago), *see* ECF No. 14.

1

Plaintiffs seek relief under three provisions of Rule 60(b): Clause (1), which permits relief from a judgement for "mistake, inadvertence, surprise, or excusable neglect;" Clause (2), which permits relief due to newly discovered evidence; and Clause (6), which permits relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).  They argue that they are entitled to such relief because: (1) they did not receive this court's order granting them an extension of time in which to file their brief; (2) such mistake was the fault of the court or the United States Postal Service; and (3) Plaintiff, Philip Emiabata, was sick, receiving treatment out of town, and taking medication that caused dizziness. ECF No. 23-1 at 1-2.

## II. DISCUSSION

"The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court".  *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

### A. Excusable Neglect

Plaintiffs contend that their failure to timely file a brief constitutes "excusable neglect" under Rule 60(b)(1).  In assessing excusable neglect, courts consider: "(1) the danger of prejudice to the [other party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Falls v. Novartis Pharms. Corp.*, No. 3:13-CV-270 JBA, 2014 WL 3810246, at *2 (Aug. 1, 2014) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  For the following reasons, the court finds that Plaintiffs have been the cause for the repeated delays in this case, and that they have not acted in good faith.

This case comes before the district court as an appeal of an adversarial proceeding in bankruptcy court that was dismissed due to the dismissal of Plaintiffs' underlying Chapter 13 case.  ECF No. 1-1 at 1.  In her ruling dismissing the Chapter 13 case, Judge Nevins noted that "[m]ost of the claims asserted in the pending adversary proceeding are non-sensical and frivolous, or, are barred by prior litigation between the parties."  *In re: Emiabata*, 642 B.R. 481, 486 (Bankr. D. Conn. 2022).  The bankruptcy court noted that Plaintiffs filed their Chapter 13 case in bad faith, as an effort to stall foreclosure based on a defaulted mortgage from 2002.  *Id*. at 481.  That court's decision includes a table tracking over a dozen bankruptcy cases filed by Plaintiffs, each of which was dismissed.  *Id*. at 483.  In considering the length of delay, the court not only considers the delay in the present case, but also the strategic practice of delay apparently used by Plaintiff.

Plaintiffs were granted three extensions of time in which to file their appellate brief and were warned that failure to file by the extended deadline would result in dismissal of the case.  ECF Nos. 17, 19 and 21.  Plaintiffs allege that they did not receive all of the court's orders and thus that they could not comply with them.  *See* ECF No. 23-1 at 2.  Plaintiffs also claim they mailed the appellant's brief, but that it was never filed, *id*. at 4, though the present motion (mailed from Austin, Texas, *see* ECF No. 23-1) was delivered to the court and was posted on the docket at ECF No. 23.  And although Plaintiffs blame the United States Postal Service and also the Clerk's Office for their failure to file an appellate brief, they have provided no evidence for these claims, and the court takes notice of the fact that previous delays have been at Plaintiffs' request.  *See id*. at 4-5; ECF Nos. 15 and 20.

Furthermore, there is reason to doubt that Plaintiff resides in Connecticut and that venue is proper in this court.  See *In re: Emiabata*, 642 B.R. at 482.  The residential address provided by Plaintiff is the address of a UPS store, and Plaintiffs have failed to file supplemental evidence that they resided in Connecticut at the times relevant to venue.  *Id.*  These details, when taken with the repeated delays and history of bankruptcy filings, suggest that Plaintiffs have not acted in good faith.

Plaintiffs' failure to check the status of the case or to file their appellate brief after being granted three extensions of time in which to do so cannot be considered excusable neglect under the circumstances of this case.  See *Lawtone-Bowles v. Brown*, No. 21-1242-CV, 2022 WL 839280 at 1 (2d Cir. Mar. 22, 2022) (no excusable neglect where Plaintiff failed to check whether her response had been filed).  Due to length of delay, reasons for delay, and Plaintiffs' bad faith tactics, the court finds that the neglect simply was not excusable within the meaning of Rule 60(b)(1).

## B. Newly Discovered Evidence

Plaintiffs also seek relief under Rule 60(b)(2), which allows for reconsideration where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered [within 28 days of the judgment.]"  Fed. R. Civ. P. 60(b)(2).  Plaintiffs' motion for relief does not allege any new evidence, so this argument is unavailing.

## C. Extraordinary Circumstances

"Relief under Rule 60(b)(6) is appropriate only in cases presenting extraordinary circumstances."  *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (quoting *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989).  The discretion of the court whether to grant a motion under Rule 60(b)(6) "is especially broad."

*Matter of Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir. 1981).  None of the reasons for relief listed by Plaintiffs rise to the level of "extraordinary circumstance." Plaintiffs have not shown why medical, travel, or other needs have prevented them from filing an appellate brief by a deadline set at their own request (or at any time since then), *see* ECF No. 21, particularly in light of the fact that they were able to file multiple requests for extension of time, and the instant motion, itself.

### III. CONCLUSION

Having carefully weighed these factors, the court finds no valid grounds to grant Plaintiffs' Rule 60(b) motion.  Plaintiffs have filed a timely motion for relief from a judgment or order under Rule 60(b).  *See* Fed. R. Civ. P. 60(c) (motion must be made within a reasonable time).  However, they are not entitled to such relief because they have not demonstrated that there was excusable neglect, new evidence, nor any extraordinary circumstances that would merit relief from judgment.  Accordingly, the motion is denied.

### ORDER

For the foregoing reasons, Plaintiffs' motion for relief from judgment (ECF No. 23) is **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut, this 30th day of September, 2023.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE